## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MICHAEL A. J. MAYS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 16−cv−1307−SMY** |
| | ) | |
| **ILLINOIS DEPARTMENT OF** | ) | |
| **CORRECTIONS, and** | ) | |
| **S. EVANS** | ) | |
| | ) | |
| **Defendants.** | | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Michael A. J. Mays, an inmate in Pontiac Correctional Center, brings this action

for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that allegedly

occurred at Menard Correctional Center.  Plaintiff seeks injunctive relief and damages.  This case

is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C.

§ 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any
> event, as soon as practicable after docketing, a complaint in a civil action in which a
> prisoner seeks redress from a governmental entity or officer or employee of a
> governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify
> cognizable claims or dismiss the complaint, or any portion of the complaint, if the
> complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which
> > relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune
> > from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Frivolousness is an objective standard that refers

1

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A. Portions of this Complaint are subject to dismissal.

### The Complaint

On December 14, 2015, after Plaintiff finished a visit with his mother, Defendant Evans began making derogatory comments to Plaintiff and repeatedly referred to him as "boy," which Plaintiff took to have racial connotations. (Doc. 1, p. 5). Plaintiff took offense and requested grievance forms. *Id.* He also attempted to speak to the lieutenant in Evans' presence, but the sergeant told Plaintiff to return to his cell. *Id.* After Plaintiff was returned to his cell, Evans came to the cell and tried to goad Plaintiff into fighting him. *Id*. Evans then gave Plaintiff a direct order to come to the front of the cell, at which time Evans physically assaulted Plaintiff by punching him, slamming his head against the bars and scratching him. *Id.*

### Discussion

Based on the allegations of the Complaint, the Court finds it convenient to combine the pro se action into 1 count. The parties and the Court will use this designation in all future

pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The following claim survives threshold review:

> **Count 1 –**  Evans used excessive force against Plaintiff in violation of the Eighth Amendment's prohibition on cruel and unusual punishment.

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983.  *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000).  An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)).  An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action."  *Wilkins*, 559 U.S. at 37-38 (the question is whether force was de minimis, not whether the injury suffered was de minimis); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Here, Plaintiff has clearly stated a claim against Evans for the use of excessive force. Plaintiff's allegations state that he was confined in his cell at the time of the assault and that Evans assaulted him at the bars.  Plaintiff's allegations also raise an inference that Evans was motivated by racial animus and not legitimate penological objectives.  Accordingly, Plaintiff's claim against Evans will proceed.

Plaintiff has also named the Illinois Department of Corrections as a defendant.  However, Plaintiff cannot maintain his suit against the Illinois Department of Corrections because it is a state government agency.  The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."  *Will v. Mich. Dep't of State*

3

*Police*, 491 U.S. 58, 71 (1989).  *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same).  For these reasons, the Court dismisses the Illinois Department of Corrections with prejudice.

Plaintiff has also listed the warden of the prison, the lieutenant and the sergeant who were working at the time of the incident as defendants.  (Doc. 1, p. 2).  Due to an error of the Clerk's Office, these defendants were not added to the docket.  However, as Plaintiff has not adequately stated a claim against them, the Court will not add them to the docket at this time.

There is no supervisory liability under § 1983.  "The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'"  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).  *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987);  *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981).  Thus, to the extent that Plaintiff is attempting to bring a claim against Evans' supervisors because Evans is their employee, the claim fails.

Plaintiff alleges that he attempted to tell both the lieutenant and the sergeant "what was going on" but that he was told to return to his cell.  Under the Eighth Amendment, a correctional officer may be held liable for failing to intervene if he or she has a realistic opportunity to step forward and protect a plaintiff from another officer's excessive force, but fails to do so. *Harper v.*

4

*Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005).  However, at the time Plaintiff attempted to get the lieutenant and sergeant to intervene, Evans had not allegedly engaged in conduct other than verbal harassment.  While distasteful, that kind of conduct states no claim.  *Dobbey v. Ill. Dep't of Corrections,* 574 F.3d 443, 446 (7th Cir. 2009). *See also DeWalt v. Carter,* 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws"); *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015) (reaffirming that limited verbal harassment states no claim, but qualifying that in certain circumstances, verbal harassment may rise to the level of cruel and unusual punishment). The lieutenant and sergeant cannot be held liable for failure to intervene if the underlying conduct states no claim.

Furthermore, as Plaintiff has not alleged that they were actually present during the physical assault, neither guard had a realistic opportunity to intervene in the assault.  In the absence of any allegation that the lieutenant and the sergeant had an opportunity to intervene, Plaintiff has failed to state a claim against them.

## Pending Motions

Plaintiff's prayer for relief contains a request for a preliminary injunction.  However, the Court will not direct the clerk to construe this as a separate motion at this time because Plaintiff is not entitled to injunctive relief.  In *Farmer v. Brennan*, the Supreme Court indicated injunctive relief would be an appropriate remedy for a prisoner who received a credible threat of attack from another inmate.  511 U.S. 825, 850-51 (1994) (district court on remand should address whether injunction would be appropriate based on evidence to be adduced regarding the likelihood of transsexual inmate's transfer to a setting where he could face greater threat).  Prior to *Farmer*, courts recognized a prisoner need not wait until he is actually assaulted before he

may obtain relief.  *Ramos v. Lamm*, 639 F.2d 559, 572 (10th Cir. 1980); *Woodhouse v. Com. of Va.*, 487 F.2d 889, 890 (4th Cir. 1973); *see also Benefield v. McDowall*, 241 F.3d 1267 (10th Cir. 2001).

"Before a court may award permanent injunctive relief, a party must demonstrate (1) it has succeeded on the merits; (2) no adequate remedy at law exists; (3) the moving party will suffer irreparable harm without injunctive relief; (4) the irreparable harm suffered without injunctive relief outweighs the irreparable harm the nonprevailing party will suffer if the injunction is granted; and (5) the injunction will not harm the public interest." *Old Republic Ins. Co. v. Emp'rs Reinsurance Corp.,* 144 F.3d 1077, 1081 (7th Cir. 1998) (citing *Amoco Prod. Co. v. Vill. of Gambell,* 480 U.S. 531, 546 n. 12 (1987)) (additional citations omitted).

Here, Plaintiff has not alleged that he is currently facing any threat of an imminent attack. Further, since the events described in the Complaint, Plaintiff has been transferred to another prison and Evans has been dismissed from his employment with the Illinois Department of Corrections.  The transfer alone would render Plaintiff's request moot.  *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996).  However, as Plaintiff has also indicated that his attacker has been terminated and thus would not have access to him even if Plaintiff was returned to Menard, Plaintiff has failed to show that he would suffer from irreparable harm if a preliminary injunction is not granted.  Accordingly, Plaintiff's request for injunctive relief is **DENIED**.

<u>**Disposition**</u>

**IT IS HEREBY ORDERED** that **Count 1** survives against Defendant Evans.  The Illinois Department of Corrections is **DISMISSED with prejudice**.  To the extent that Plaintiff attempted to bring claims against the Warden, Lieutenant, and Sergeant, those claims are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendant **Evans**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Reona J. Daly** for further pre-trial proceedings.

7

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Reona J. Daly** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.   This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.   Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.   *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: January 4, 2017.

s/ STACI M. YANDLE
United States District Judge