IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL A.J. MAYS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:16-cv-1307-SMY-RJD |
| | ) | |
| S. EVANS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court for consideration of Plaintiff's second amended complaint, which the Court construes as a Motion for Leave to File Second Amended Complaint (Doc. 28). For the reasons set forth below, the Motion is **GRANTED IN PART AND DENIED IN PART**.

**BACKGROUND**

Plaintiff Michael Mays filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center. In his complaint, Plaintiff alleges Officer Evans verbally harassed and then physically assaulted him on December 14, 2015. Plaintiff's complaint was screened pursuant to 28 U.S.C. § 1915A, and he is proceeding on an Eighth Amendment excessive force claim against Defendant Evans.

Plaintiff filed a first amended complaint, construed by the Court as a motion for leave to amend, on April 28, 2017 (Doc. 21). Prior to the entry of an order on his first motion for leave to amend, Plaintiff filed a second amended complaint, construed by the Court as a second motion for leave to amend (Doc. 28). Plaintiff's filing of his second motion for leave to amend necessarily moots his first motion for leave to amend. However, Plaintiff's proposed amended complaints

are, in substance, identical.

In his second motion to amend now before the Court, Plaintiff seeks to include additional claims against Defendant Evans and add Officer Olson and Warden Kimberly Butler as defendants. More specifically, Plaintiff seeks to proceed on the following claims:

Count One: First Amendment and Fourteenth Amendment retaliation claim against Defendant Evans;

Count Two: Eighth Amendment cruel and unusual punishment claim against Defendant Evans;

Count Three: Fourteenth and Eighth Amendment cruel and unusual punishment claim against Defendant Olson;

Count Four: Eighth Amendment cruel and unusual punishment claim against Defendant Butler;

Count Five: Civil conspiracy claim against Defendants Evans, Olson, and Butler;

Count Six: State law battery claim against Defendant Evans; and

Count Seven: State law intentional infliction of emotional distress claim against Defendants Evans, Olson, and Butler.

## DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). The Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996) (quoting

*Duckworth v. Franzen*, 780 F.2d 645, 649 (7th Cir. 1985)) ("The Federal Rules of Civil Procedure create [a system] in which the complaint does not fix the plaintiff's rights but may be amended at any time to conform to the evidence."). A court may also deny a party leave to amend if there is undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

The Court reviews the claims set forth in Plaintiff's proposed second amended complaint in light of the standards set forth above and finds as follows.

**Count One: First Amendment and Fourteenth Amendment retaliation claim against Defendant Evans**

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2002). At the pleading stage, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Identifying the protected activity and the act(s) of retaliation is all that is necessary. *Id.* Here, Plaintiff alleges he requested a grievance form from Defendant Evans to complain about Defendant's derogatory comments, and was met with physical violence due to his request. Thus, Plaintiff has met his pleading requirement and may proceed on a First Amendment[1] claim of retaliation against Defendant Evans.

**Count Two: Eighth Amendment cruel and unusual punishment claim against Defendant Evans**

Plaintiff's proposed Count Two closely tracks Count One that is currently pending in this

---

[1] Plaintiff does not allege that he was a pretrial detainee at the time relevant to his complaint. Accordingly, he shall not proceed on claims brought pursuant to the Fourteenth Amendment.
Page **3** of **9**

action.  As Plaintiff has not substantially amended the allegations that support this claim, it shall proceed on the basis articulated in the Court's § 1915A screening order as an Eighth Amendment excessive force claim.

**Count Three: Fourteenth and Eighth Amendment cruel and unusual punishment claim against Defendant Olson**

Although Plaintiff characterizes his Eighth Amendment claim against Defendant Olson broadly, the Court finds Plaintiff's proposed complaint sets forth the following two distinct claims against said Defendant: (1) an Eighth Amendment failure to protect claim; and (2) an Eighth Amendment deliberate indifference claim.  For the following reasons, Plaintiff may proceed on both claims.

A plaintiff asserting a failure to protect claim must show that he was incarcerated under conditions posing a substantial risk of serious harm, and defendants acted with "deliberate indifference" to that danger.  *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006).  In other words, a plaintiff must demonstrate that defendants had "actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it."  *Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997) (quoting *McGill v. Duckworth*, 944 F.2d 344, 348 (7th Cir. 1991)).

Plaintiff alleges Defendant Olson was present while he was attacked by Defendant Evans in his cell and initially failed to stop the attack, only pulling Defendant Evans off Plaintiff once he saw Plaintiff was not fighting back.  Based on the allegations in his proposed second amended complaint, Plaintiff has stated a viable Eighth Amendment failure to protect claim against Defendant Olson.

Plaintiff has also stated a viable Eighth Amendment deliberate indifference claim against Defendant Olson. In particular, Plaintiff alleges he asked Defendant Olson to take him to the healthcare unit after the attack, but Defendant Olson denied his request and he was made to wait until the next shift for medical treatment. Although the details are sparse, Plaintiff has met the pleading requirements for an Eighth Amendment deliberate indifference claim. *See, e.g., Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997) (Holding that in order to establish deliberate indifference to a medical condition, a prisoner must demonstrate that he suffered from a condition that was sufficiently serious and that an official acted with a sufficiently culpable state of mind in failing to address the condition).

**Count Four: Eighth Amendment cruel and unusual punishment claim against Defendant Butler**

Plaintiff alleges Defendant Butler violated his constitutional rights by implementing unwritten policies and procedures that allowed correctional officers such as Defendant Evans to assault prisoners. Plaintiff further alleges Defendant Butler was aware of Defendant Evans' reputation for assaulting black prisoners due to Defendant Evans' prior conduct, but she failed to take any action to prevent the assault on Plaintiff. Based on these allegations, the Court finds Plaintiff is attempting to set forth an Eighth Amendment failure to protect claim against Defendant Butler.

"A failure to protect claim may sound against even a 'high-level' official so long as the averred risk is specific to a detainee, and not a mere general risk of violence." *Brown v. Budz*, 398 F.3d 904, 909-10 (7th Cir. 2005). In *Brown*, the plaintiff, a Caucasian inmate, was attacked by an individual with an allegedly known propensity toward attacking Caucasians. *Id.* at 913. Said attack occurred after the individual was allowed unsupervised access to a general area of the

prison, where the plaintiff was lounging. *Id.* The Court found the plaintiff's allegations indicated he was subjected to a heightened risk of assault and said allegations were sufficient to meet the "substantial risk" consideration of a failure to protect claim against prison officials. *Id.* The allegations here are analogous to those in *Brown*. In particular, Plaintiff alleges that Defendant Butler was aware of previous actions taken by Defendant Evans against black inmates, but failed to take any action to protect Plaintiff. Although details concerning Defendant Evans' "previous actions" are sparse, Plaintiff has adequately alleged that Defendant Butler was aware of the risk posed to Plaintiff by Defendant Evans and failed to take action to remediate said risk. Accordingly, Plaintiff has stated an Eighth Amendment failure to protect claim against Defendant Butler.

**Count Five:   Civil conspiracy claim against Defendants Evans, Olson, and Butler**

Although conspiracy claims under § 1983 are not subject to a heightened pleading standard, a plaintiff must include more than just a bare assertion of conspiracy. *See Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009). A plaintiff must identify the parties to the conspiracy, the purpose of the conspiracy, and the approximate date of the conspiracy. *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). Although Plaintiff has alleged the parties and purpose of the conspiracy, he failed to allege the approximate date of the conspiracy and the Court cannot properly infer said date based on the allegations before it. Plaintiff, therefore, shall not be allowed to proceed on a claim of civil conspiracy.

**Count Six:    State law battery claim against Defendant Evans**

Under Illinois state law, battery is defined as the unauthorized touching of another's person. *Welton v. Ambrose*, 814 N.E. 962 (Ill. App. Ct. 2001). Plaintiff has stated a claim for battery under Illinois state law against Defendant Evans. Plaintiff's battery claim is based on the

conduct underlying his Eighth Amendment excessive force claim against the same Defendant. Although Plaintiff has pled two distinct legal theories, they are based on the same set of facts and Plaintiff will only be permitted one recovery under the law for the same harm.

**Count Seven: State law intentional infliction of emotional distress claim against Defendants Evans, Olson, and Butler**

Under Illinois state law, the tort of intentional infliction of emotional distress covers only acts that are truly "outrageous," that is, an "unwarranted intrusion … calculated to cause severe emotional distress to a person of ordinary sensibilities." *Knierim v. Izzo*, 174 N.E.2d 157, 164 (Ill. 1961) (quoting *Slocum v. Food Fair Stores of Fla.*, 100 So.2d 396 (Fla. 1958)). *See Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001). There are three requirements necessary to demonstrate the intentional infliction of emotional distress: "(1) the conduct involved must be truly extreme and outrageous; (2) the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress and (3) the conduct must in fact cause severe emotional distress." *Id.* at 490. Although it does not require a contemporaneous physical injury, the tort does not extend to "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Id.* (quotations and citations omitted).

Plaintiff alleges he suffered injuries, as well as severe emotional distress and suffering as a result of Defendants' actions. In his proposed second amended complaint, Plaintiff alleges that due to Defendant Evans' attack, he suffers from post-traumatic stress disorder, bipolar disorder, and hallucinations. Although the Court is mindful of the role Plaintiff alleges Defendants Olson and Butler had in the attack, it finds the allegations in the proposed complaint are only sufficient to state a claim of intentional infliction of emotional distress against Defendant Evans. The conduct

of Defendant Evans, as opposed to Defendants Butler and Olson, could be said to be "truly extreme and outrageous."

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 28) is **GRANTED IN PART AND DENIED IN PART** and his Motion for Leave to Amend the Complaint (Doc. 21) is **FOUND AS MOOT**. Plaintiff shall be allowed to amend his complaint to proceed on the following claims (the enumeration of the counts as set forth below shall be used by the Court and the parties for the remainder of this litigation):

Count One:   First Amendment retaliation claim against Defendant Evans;

Count Two:   Eighth Amendment excessive force claim against Defendant Evans;

Count Three: Eighth Amendment failure to protect claim against Defendant Olson;

Count Four:  Eighth Amendment deliberate indifference claim against Defendant Olson;

Count Five:  Eighth Amendment failure to protect claim against Defendant Butler;

Count Six:   State law battery claim against Defendant Evans;

Count Seven: State law claim for intentional infliction of emotional distress against Defendant Evans.

The Clerk of Court is **DIRECTED** to file Plaintiff's proposed second complaint as the First Amended Complaint. The Court notes that although the entirety of Plaintiff's proposed second amended complaint will be filed, only the claims set forth above will proceed in this action.

The Clerk of Court shall prepare for Defendants Officer Olson and Kimberly Butler: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Order to Defendants' places of employment as identified by

Plaintiff. If Defendants fail to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendants, and the Court will require Defendants to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate of service stating the date on which a true and correct copy of any document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

**IT IS SO ORDERED.**

**DATED: January 3, 2018**

s/ *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**